**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26595-BLOOM**

JOHAN GARCIA-HERRERA,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER,

Respondent.
_______________________________________/

**ORDER ON PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon *pro se* Petitioner John Garcia-Herrera's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2241, alleging that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The Court issued its Order to Show Cause, ECF No. [5], and Respondents filed a Response, ECF No. [8]. The Court has considered the Petition, the supporting and opposing submissions, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Petition is denied.

For purposes of assessing the Petition, only a few facts are necessary to recount. Petitioner is a native and citizen of Cuba, ECF No. [8-1], who is subject to a final order of removal, ECF No. [8-6]. Petitioner was previously in ICE custody from March 2023 to September 2023. ECF No. [8-4]. He was later taken into ICE custody on September 1, 2026 and remains detained at Krome North Service Processing Center. *Id.* Petitioner filed the Petition on September 22, 2026, requesting release from detention on the basis of *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. [1] at 6.

Pursuant to 28 U.S.C. §2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. §2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas*, 533 U.S. at 687.

However, the Eleventh Circuit has held that the six-month period "must have expired at the time [the petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). As of the filing of the Petition, Petitioner had been subjected to 21 days of detention. ECF No. [8-4].

Moreover, the Court cannot aggregate multiple separate detentions for purposes of assessing his *Zadvydas* claim. Some courts do aggregate all periods of detention following an order of removal, even if such detentions are not consecutive. *See Jaranow v. Bondi*, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in *Zadvydas*"); *Patel v. Bondi*, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"). Other courts hold to the contrary, concluding that each detention resets the removal period clock under *Zadvydas*. *See Barrios v. Ripa*, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating

removals”); *Liu v. Carter*, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (“[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE.”).

This Court agrees with the reasoning in the latter set of cases. If a petitioner is released one time because the presumptively reasonable period of detention has run, Petitioner’s logic would mean that Petitioner could never be re-detained for purposes of removal—even for a day—as that would run afoul of *Zadvydas*. That logic cannot be correct. Instead, it must be the case that there is more “flexibility” involved, as that “reflects the balance *Zadvydas* hoped to achieve: preserving the government’s authority to effectuate removals while safeguarding the individual’s liberty interests against indefinite detention.” *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-CV-20226, 2026 WL 406708, at *3 (S.D. Fla. Feb. 13, 2026). Thus, the Court finds Petitioner’s *Zadvydas* claim premature and therefore cannot serve as the basis for habeas relief.

## I. CONCLUSION

Accordingly, it is **ORDERED AND ADJUGED** as follows:

1. The Petition, **ECF No. [1]**, is **DENIED.**
2. The Clerk of Court shall **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Chambers at Miami, Florida on November 19, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record